UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN K. REED,

                     Petitioner,

   -v-

RMBS REO HOLDINGS, LLC,

                     Respondent.

CIVIL ACTION NO.: 20 Civ. 5891 (GBD) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On July 23, 2020, pro se Petitioner John K. Reed filed a petition (the "Petition") seeking to confirm an arbitration award (the "Arbitration Award"). (ECF No. 1). On August 5, 2020, the Honorable Judge George B. Daniels issued an Order of Service directing Reed to serve Respondent RMBS REO Holdings, LLC within 90 days of the issuance of the summons, and warned that noncompliance could lead to the dismissal of claims against Respondent for failure to prosecute. (ECF No. 5).

That same day, Judge Daniels referred this action to the undersigned for general pretrial matters and dispositive motions. (ECF No. 6). On October 7, 2020, the Court granted Reed an extension until December 21, 2020 to serve Respondent. (ECF No. 14).

Before Respondent answered or otherwise responded to the Petition, Reed filed a "Request for Payment of Compounding Interest and Recovery of Costs and Expenses Regarding Default Judgment Pertaining to Arbitration Award" (the "Request") (ECF No. 9). In the Request, Reed appears to be seeking to recover the expenses he incurred leading up to the filing of this action, as well as the full amount of the Arbitration Award as described in his Petition and annualized compounding interest. (ECF No. 9 at 2–5). Respondent has now moved to dismiss

the Petition with prejudice and to vacate the Arbitration Award as invalid on its face (the "Motion to Dismiss").  (ECF No. 16).

Courts "must construe pro se pleadings broadly, and interpret them 'to raise the strongest arguments that they suggest.'"  Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) (vacating dismissal of pro se plaintiff's complaint as the district court erred by affording no opportunity to amend the complaint to cure its deficiencies) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).  Construing Reed's Request liberally, it appears to be seeking the same relief as the Petition, that is, to enforce the Arbitration Award, and to supplement the amount of damages he is claiming.  (See ECF No. 9).  As noted, however, Respondent is challenging the validity of the Arbitration Award on its face in the Motion to Dismiss, to which Reed is entitled to respond[1] and on which the Court will rule in due course.  Any putative amendment of the Petition or analysis of Reed's claimed damages at this time is therefore premature.

Accordingly, the Court DENIES Reed's Request WITHOUT PREJUDICE, pending a ruling on the Motion to Dismiss.  The Clerk of Court is respectfully directed to close ECF No. 9 and to mail a copy of this Order to Mr. Reed at the address below.

Dated:    New York, New York
          December 7, 2020

SO ORDERED

*[signature: Sarah Cave]*

**SARAH L. CAVE**
**United States Magistrate Judge**

---

[1] The Court notes that in accordance with Section 3(A) of the Court's Individual Practices in Civil Cases and Local Civil Rule 6.1(b), the deadline for Reed to respond to the Motion to Dismiss is **Wednesday, December 9, 2020**.

Mail to:	John K. Reed
	1611 Olive Street
	Santa Barbara, CA 93101