UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JOHN K. REED,

                       Petitioner,

    -against-

RMBS REO Holdings, LLC,

                       Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 5891 (GBD) (SLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 30 2021

GEORGE B. DANIELS, United States District Judge:

Petitioner John K. Reed, *pro se*, brings this action seeking to enforce an arbitration award (the "Award") issued by Dalwickman Arbitration Services ("Dalwickman") in the amount of $15.2 million dollars against Respondent RMBS Reo Holdings LLC following a virtual arbitration hearing which Respondent did not attend or oppose. (Petition, ECF No. 1, at 1-2.) Petitioner alleges that letters he sent to RMBS demanding that the parties arbitrate a property dispute created an enforceable agreement to arbitrate when Respondent failed to answer the letters. (*Id.* at 5-7.) Petitioner also alleges that the Award is enforceable pursuant to the Federal Arbitration Act. (*Id.* at 7-8.) Respondent moved to dismiss the Petition under Federal Rule of Civil Procedure 12(b)(6) and to vacate the Award. (Respondent's Notice of Mot. to Dismiss and Vacate Arbitration Award ("Notice of Mot."), ECF No. 18.) In his opposition, Petitioner requested leave to amend the Petition. (Petitioner's Opposition to Respondent's Motion ("Petitioner's Opp."), ECF No. 29, 1.)

Before this Court is Magistrate Judge Cave's July 12, 2021 Report and Recommendation (the "Report"), recommending that Respondent's motion to dismiss the Petition be granted and that

1

Petitioner's motion for leave to amend the Petition be denied.[1] (*See* Report, ECF No. 151, at 1-2.) In her Report, Magistrate Judge Cave advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (Report at 22.) Respondent filed timely objections. (Respondent's Objections to the Report ("Respondent's Objs."), ECF No. 154.) Petitioner filed a timely response to those objections. (Petitioner's Response to Respondent's Objs. ("Petitioner's Resp."), ECF No. 36.)

Upon *de novo* review of the portions of Magistrate Judge Cave's Report to which objections were filed, and upon a finding of no clear error on the remainder of the Report, this Court overrules the parties' objections and ADOPTS the Report in its entirety. Accordingly, Respondent's motion to dismiss the petition is GRANTED, Petitioner's motion for leave to amend the Petition is DENIED, and Respondent's motion to vacate the arbitration award is DENIED.

## I. FACTS

Petitioner John K. Reed is the owner of real property located at 1611 Olive Street, Santa Barbara, California (the "Property"). (Respondent's Memorandum of Law in Support its Motion to Dismiss the Petition and Vacate Arbitration Award ("Respondent's Brief"), ECF No. 19, Ex. 19 at 1.) Respondent RMBS Reo Holdings LLC alleges that it is the current beneficiary of a deed of trust concerning the Property (the "Deed of Trust"), which it holds pursuant to an Assignment of Deed of Trust recorded on April 11, 2019. (*Id.*) The Assignment states, in relevant part, that

> For Value Received . . . Assignor[s] . . . hereby grant, sell, assign, transfer and convey to RMBS REO HOLDINGS LLC . . . all interests under that certain Deed of Trust Dated: 12/1/2005, in the

---

[1] Magistrate Judge Cave also recommended denial of Defendant's motion to vacate the Award pursuant to the Fedreral Arbitration Act on the grounds that it was untimely filed and there is no exception to the FAA's three-month statute of limitations regarding motions to vacate in the Second Circuit. (Report at 21-22.) Defendant filed objections to this portion of the Report. (Resp.'s Objs. at 2-3.) This Court declines to reach the issue of whether Defendant's motion to vacate the arbitration award is timely because the R&R correctly recommended the dismissal of "Request for Affirmation of Default Judgment Regarding Arbitration Award." (Petition at 1.)

2

Petitioner's motion for leave to amend the Petition be denied.[1] (*See* Report, ECF No. 151, at 1-2.) In her Report, Magistrate Judge Cave advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (Report at 22.) Respondent filed timely objections. (Respondent's Objections to the Report ("Respondent's Objs."), ECF No. 154.) Petitioner filed a timely response to those objections. (Petitioner's Response to Respondent's Objs. ("Petitioner's Resp."), ECF No. 36.)

Upon *de novo* review of the portions of Magistrate Judge Cave's Report to which objections were filed, and upon a finding of no clear error on the remainder of the Report, this Court overrules the parties' objections and ADOPTS the Report in its entirety. Accordingly, Respondent's motion to dismiss the petition is GRANTED, Petitioner's motion for leave to amend the Petition is DENIED, and Respondent's motion to vacate the arbitration award is DENIED.

## I. FACTS

Petitioner John K. Reed is the owner of real property located at 1611 Olive Street, Santa Barbara, California (the "Property"). (Respondent's Memorandum of Law in Support its Motion to Dismiss the Petition and Vacate Arbitration Award ("Respondent's Brief"), ECF No. 19, Ex. 19 at 1.) Respondent RMBS Reo Holdings LLC alleges that it is the current beneficiary of a deed of trust concerning the Property (the "Deed of Trust"), which it holds pursuant to an Assignment of Deed of Trust recorded on April 11, 2019. (*Id.*) The Assignment states, in relevant part, that

> For Value Received . . . Assignor[s] . . . hereby grant, sell, assign, transfer and convey to RMBS REO HOLDINGS LLC . . . all interests under that certain Deed of Trust Dated: 12/1/2005, in the

---

[1] Magistrate Judge Cave also recommended denial of Defendant's motion to vacate the Award pursuant to the Fedreral Arbitration Act on the grounds that it was untimely filed and there is no exception to the FAA's three-month statute of limitations regarding motions to vacate in the Second Circuit. (Report at 21-22.) Defendant filed objections to this portion of the Report. (Resp.'s Objs. at 2-3.) This Court declines to reach the issue of whether Defendant's motion to vacate the arbitration award is timely because the R&R correctly recommended the dismissal of "Request for Affirmation of Default Judgment Regarding Arbitration Award."

2

> amount of $999,000, executed by John K. Reed, AN UNMARRIED MAN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR OHIO SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS and Recorded: 12/6/2005 . . . in Santa Barbara County, State of California and all rights accrued or to accrue under said Deed of Trust.

(Respondent's Brief, Ex. 19 at 1.) Petitioner disputes the authenticity of the Deed of Trust and its Assignment to Respondent. (Affirmation of John Reed ("Petitioner's Opp."), ECF No. 29, at 2, 9.)

Petitioner alleges that letters it mailed to Respondent, which Respondent did not answer, gave rise to a binding agreement to arbitrate the parties dispute over the Property. (Petition at 1.) On October 21, 2019 Petitioner sent Respondent a "Show Cause Proof of Claim Demand" via USPS priority mail which allegedly included an arbitration clause ("October 21, 2019 Letter"). (Petition at 7.) Several days later, on October 25, 2019, Petitioner mailed RMBS a "Final Notice of Default to Respond" stating that a "contract [was] initiated between" Petitioner and Respondent by USPS mail. (*Id.*) Petitioner then sent Respondent a "Notice of Dishonor And Opportunity to Cure" dated November 4, 2019. (*Id.*)

Petitioner alleges that Respondent defaulted on the purported arbitration agreement by failing to appear at a properly noticed arbitration hearing before Dalwickman. (Petition at 2.) On November 20, 2019, Petitioner sent Respondent a "Request for Arbitration." (*Id.* at 20.) Dalwickman sent Respondent a "Notice of Hearing" on November 19, 2020. (*Id.*) Respondent did not oppose or otherwise respond to the notices regarding the arbitration hearing. (*Id.* at 2)

The arbitration hearing took place before a three-member panel via skype on December 2, 2019. (Petition at 13.) Respondent did not attend the hearing. (*Id.*) At the hearing, Petitioner stated (1) that the contract submitted for arbitration contained an arbitration clause, (2) that he had not received a response from RMBS following the mailing of the contract and the contract required

3

a response from RMBS within a specific time period which had expired, and (3) that he had not received a response from RMBS following his or Dalwickman's notice of arbitration with instructions to attend. (Petition at 23.)

On December 3, 2019, the panel issued an award in favor of Petitioner for $3.8 million and directed payment of an additional $11.4 million as "punitive tremble damages" if RMBS failed to comply with the award within 30 days ("First Arbitration Award"). (Petition at 34.) The First Arbitration Award included the panel's determination that Petitioner and Respondent "entered into an agreement dated October 21, 2019 [] whereby they knowingly and intentionally [] agreed to [a]rbitration to settle all disputes," and that this was "a written, self-executing, binding, irrevocable, contractual agreement" which permitted arbitration at Dalwickman. (*Id.* at 30-32.)

Petitioner alleges that he mailed Respondent notice of the First Arbitration Award on December 10, 2019, and that it was delivered to New York 10022 on December 12, 2019 at 10:25 a.m. and signed for by "R Rob." (Petition at 7, 37.) Petitioner also alleges that Dalwickman mailed Respondent notice of the First Arbitration Award on December 10, 2019. (Petitioner's Resp. at 2, 4-5.) On February 6, 2020, Dalwickman modified the First Arbitration Award ("Modified Award.") (Petition at 15.) The Modified Award was issued at the request of Petitioner and requires Respondent "to release any and all claims against 'any and all properties [belonging to] Reed.'" (Petition at 3.) Petitioner does not allege that he served Respondent with notice of the Modified Award.

On July 23, 2020, Petitioner filed in court his Petition to affirm the Modified Award. (Petition at 2-3, 9.) Respondent was served in this action on October 21, 2020. (Respondent's Objs. at 3.) RMBS filed the instant motion and a certification of service on Petitioner by first class mail on January 14, 2021. (Notice of Motion at 1.) Respondent argues that the Petition should be

dismissed and the arbitration awards vacated because RMBS did not agree to arbitrate any dispute with Petitioner, and its non-response cannot give rise to an agreement to arbitrate as a matter of law. (Respondent's Brief at 1-2.) Petitioner opposed the motion via various filings, including an opposition, a sur-reply dated June 2, 2021 ("First Sur-Reply") and a sur-reply dated June 14, 2021 ("Second Sur-Reply"). (Report at 6-7.) Petitioner also requested leave to amend the Petition "to address any deficiencies identified by the Court" in his first opposition brief. (Petitioner's Opp. at 1.)

## II.  LEGAL STANDARD

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). If no party files objections to a report and recommendation, the court "need only satisfy itself that there is no clear error on the face of the record." *Kessler v. Colvin*, 48 F. Supp. 3d 578, 582 (S.D.N.Y. 2014) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and quotation marks omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

The clear error standard also applies where the objections filed are "'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge,' and are therefore improper." *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). When a party has filed proper objections, however, the court must make a

*de novo* determination as to those portions of the report to which the objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court makes such a *de novo* determination when it "arrive[s] at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, which must be taken as true for the purpose of deciding a motion to dismiss, "plausibly give rise to an entitlement to relief." *Id.; see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013). This is particularly true for *pro se* plaintiffs, whose submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### C. *Pro Se*

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). In general, *pro se* litigants deserve "more lenient treatment than those represented by counsel" but still "have an obligation to comply with court orders." *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (citing *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)).

### III. RESPONDENT'S MOTION TO DISMISS IS GRANTED

Magistrate Judge Cave recommends dismissal of the Petition seeking to enforce the Modified Award with prejudice because the Petition does not comply with the FAA and because the facts alleged in the Petition do not give rise to an enforceable agreement to arbitrate. (Report at 13-16.) Magistrate Judge Cave also recommends that Petitioner's request for leave to amend the Petition be denied because amendment would be futile. (*Id.* at 17.) Construed liberally, Petitioner objects to Magistrate Judge Cave's finding that the Court had jurisdiction to review the arbitration panel's determination that RMBS' non-response to the October 21, 2019 Letter created an agreement to arbitrate. (Petitioner's Resp. at 3.) This Court reviews Petitioner's objection to the Court's jurisdiction to review the arbitration agreement *de novo*.

Petitioner argues that the Court lacked jurisdiction to review the arbitration agreement and find that RMBS's silence did not create a binding arbitration because "the arbitrators had already determined that the demand letter agreement was sufficient to trigger Arbitration." (Petitioner's Response at 3.)

Federal courts have long recognized that "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed to so submit.'" *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). "[T]he question of

7

whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Techs.*, 475 U.S. at 649 (finding parties were not required to arbitrate whether their dispute was subject to arbitration and noting that "if this were the applicable rule, an arbitrator would not be constrained to resolve only those disputes that the parties have agreed in advance to settle by arbitration but, instead, would be empowered to impose obligations outside the contract limited only by his understanding and conscience"). As such, "[b]efore an agreement to arbitrate can be enforced, the district court must determine whether such an agreement between the parties exists." *Meyer v. Uber Techs.*, Inc., 868 F.3d 66, 73 (2d Cir. 2017).

Here, the RMBS disputes whether it agreed to arbitrate the Property dispute, or any dispute, with Petitioner in the first place. (Respondent's Brief at 1-2.) As such, the panel's determination that the RMBS' non-response to the October 21, 2019 Letter provided tacit acquiescence to arbitrate, was outside Dalwickman's scope of authority. *AT & T Techs.*, 475 U.S. at 649. Accordingly, Magistrate Judge Cave's determination that there was no agreement to arbitrate because Respondent's silence did not create an agreement to arbitrate, was proper. (Report at 13-14.)

Additionally, Magistrate Judge Cave appropriately concluded that the Petition should be dismissed with prejudice. (Report at 13.) In so concluding, Magistrate Judge Cave reviewed the Petition and all other submissions from the Petitioner and found that it did not meet the requirements of the FAA for enforcement of an award because Petitioner did noty attach a copy of the parties' purported agreement to arbitrate. (Report at 13.) Magistrate Judge Cave also appropriately found that the Petition's allegations were insufficient to plausibly plead the existence of a binding agreement to arbitrate under New York law because absent intent, silence alone cannot create an enforcable contract. (*Id.* at 14-15.) Finally, Magistrate Judge Cave appropriately concluded that amendment of the Petition would be futile since the Petitioner failed to allege facts in any of his

submissions that would allow the Court to reasonably conclude that an agreement to arbitrate between the parties existed. (*Id.* at 16.)

## IV.   CONCLUSION

Magistrate Judge Cave's Report is ADOPTED. Defendants' motion to dismiss the Petition is GRANTED.[2] Plaintiff's motion for leave to amend the petition is DENIED. The Clerk of the Court is directed to close the motions, (ECF No. 18), and this case accordingly.

Dated: New York, New York
       September 30, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[2] Petitioner's request for affirmation of default judgment regarding arbitration award is denied and dismissed.

9